UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01731-FWS-DFM  Date: October 1, 2024
Title: State Farm General Insurance Co. *et al.* v. Techtronic Industries North America, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present          Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Therefore, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "A defendant seeking removal has the burden of establishing that removal is proper" by providing "a short and plain statement of the grounds for removal" in the notice of removal. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); 28 U.S.C. § 1446(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01731-FWS-DFM                                                                 Date: October 1, 2024
Title: State Farm General Insurance Co. *et al.* v. Techtronic Industries North America, Inc. *et al.*

favor of remand.'" *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). As relevant here, diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").

On September 14, 2023, Defendant Techtronic Industries North America, Inc. and Defendant Home Deport U.S.A., Inc. (collectively, "Defendants") filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b). (Dkt. 1.) In the Notice of Removal, Defendants allege that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because: (1) both Plaintiff State Farm General Insurance Company and Plaintiff State Farm Mutual Automobile Insurance Company (collectively, "Plaintiffs") are Illinois corporations; (2) Defendant Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia; (3) Defendant Techtronic Industries North America, Inc., is a Delaware corporation with its principal place of business in Anderson, South Carolina; and (4) Plaintiffs seek at least $1,362,353.84 in damages. (*Id.* ¶¶ 5-9.)

The court finds Defendants have failed to sufficiently demonstrate complete diversity of citizenship. To establish the citizenship of a corporation for diversity purposes, the notice of removal must allege both the corporation's state of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). However, here, the Notice of Removal does not allege either Plaintiff State Farm General Insurance Company's or Plaintiff State Farm Mutual Automobile Insurance Company's principal place of business. (*See generally* Dkt. 1.) Because the Notice of Removal "must include allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01731-FWS-DFM					Date: October 1, 2024
Title: State Farm General Insurance Co. *et al.* v. Techtronic Industries North America, Inc. *et al.*

both the state of incorporation and the principal place of business of corporate parties," *Harris*, 682 F.3d at 850 (citations omitted), the court concludes Defendants have not adequately established the court's subject matter jurisdiction under 28 U.S.C. § 1332. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations omitted).

Accordingly, Defendants are **ORDERED TO SHOW CAUSE** in writing by **October 8, 2024,** why this case should not be remanded to the Orange County Superior Court for lack of subject matter jurisdiction. Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with court orders **will** result in remand. *See Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent., Inc. v. Fox Ent. Grp.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**