Brian S. Letofsky, Esq. (SBN 159232)
WATKINS & LETOFSKY, LLP
2900 S Harbor Boulevard, Suite 240
Santa Ana, CA 92704
Telephone: (949) 476-9400
Facsimile: (949) 476-9407

Attorney for Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN**

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-20, Inclusive,<br><br>Defendants. | CASE NO.: 8:23-cv-01731-WS(DFMx)<br>Honorable: Fred W. Slaughter<br><br>**AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>COMPLAINT FILED: 7/28/2023<br>TRIAL DATE: 01/07/2025 |

TO THE HONORABLE COURT:

Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC., respectfully submit the following amended disputed proposed jury instructions:

- 1 -

STF.1587/STF.1588/STF.1589

AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS

# INDEX

| Source of Jury Instructions (Manual, CACI, Case Law, Special) | Title | Disputed by Plaintiff | Disputed by Defendant |
|---|---|---|---|
| CACI 3900 | Introduction to Tort Damages—Liability Contested—Proof | x | |
| CACI 3903 | Items of Economic Damage | | x |
| CACI 3903F | Damage to Real Property (Economic Damage) | x | |
| CACI 3934 | Damages on Multiple Legal Theories | x | |
| Defendants' Special Instruction 1 | Product is Not Defective Because an Accident Occurred | x | |
| Defendants' Special Instruction 2 | Manufacturer – Not Required to Prove Its Product Did Not Cause Injury | x | |
| Defendants' Special Instruction 3 | Manufacturer's Duty | x | |
| CACI 1232 | Implied Warranty of Fitness for a Particular Purpose - Essential Factual Elements | | x |

STF.1587/STF.1588/STF.1589

AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS

# COURT'S INSTRUCTION NUMBER ____

<u>Introduction to Tort Damages—Liability Contested—Proof</u>

**(Plaintiff's Suggested Instruction)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has proved their claims against Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC., you also must decide how much money will reasonably compensate Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY for the harm. This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC.'S wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY have the burden of proving damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved. Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

STF.1587/STF.1588/STF.1589

AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS

The following are the specific items of damages claimed by Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:

Plaintiff STATE FARM GENERAL INSURANCE COMPANY is claiming economic damages for insurance benefits paid to its Insureds to Date: Damages to the real property at 16851 Marina Bay Drive, Huntington Beach, California, for claim number 75-24B1-47N:

| | |
|---|---|
| Coverage A: Dwelling: | $715,126.43 |
| ($7,549.00 ded. incl. in Cov A) | |
| Coverage A: Dwelling Extension | $ 42,734.50 |
| Coverage B: Personal Property | $164,795.67 |
| Coverage C: Loss of Use | $404,656.77 |
| Total Subject Property/75-24B1-47N to date: | $ 1,327,313.37 |

Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is claiming economic damages for insurance benefits paid to its Insureds to Date and the salvage recovery of $1,900 for the 2013 Mercedes and $9,525.00 for the 2004 Mercedes were subtracted out of recovery figures. The net sums paid for each of the two (2) automobile claims is broken down as follows:

Insurance Benefits to Date 2013 Mercedes/75-24C2-04N:

| | |
|---|---|
| Total 2013 Mercedes/75-24C2-04N to date: | $   26,909.79 |
| ($1,000.00 Insureds' deductible included) | |

and

Insurance Benefits to Date 2004 Mercedes/75-24C2-38H:

| | |
|---|---|
| Total 2004 Mercedes/75-24C2-38H to date: | $   41,501.34 |
| ($1,000.00 Insureds' deductible included) | |

STF.1587/STF.1588/STF.1589
AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS

Source: CACI 3900—modified to include language from 9th Circuit Model Instruction No. 5.1 regarding the court's duty to instruct the jury on damages and the plaintiff's burden of proof therefor.

**(Defendant's Suggested Instruction)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you decide that Plaintiffs have proved their claims against Defendants, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by Defendants' wrongful conduct, even if the particular harm could not have been anticipated.

The plaintiff has the burden of proving damages by a preponderance of the evidence. It is for you to determine what damages, if any, have been proved. Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Source: CACI 3900—modified to include language from 9th Circuit Model Instruction No. 5.1 regarding the court's duty to instruct the jury on damages and the plaintiff's burden of proof therefor.

Defendants' Statement: It is Defendants' position that an instruction that includes the specific line items of damages is unduly lengthy and confusing. Defendants' concise instruction will help jurors focus on the relevant facts, reducing the risk of misinterpretation.

Plaintiffs' Statement: It is Plaintiffs' position that the instruction includes the specific line items of damages and it is appropriate to list the principal damages

1  being sought by the two Plaintiffs.  The damages sought are concise, not lengthy
2  and not in any way confusing.

**COURT'S INSTRUCTION NUMBER \_\_\_\_**

<u>Damage to Real Property (Economic Damage)</u>

**(Plaintiffs' Suggested Instruction)**

To recover damages for harm to property at 16851 Marina Bay Drive, Huntington Beach, California, Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY must prove the reasonable cost of repairing the harm.

To determine whether the cost of repairing the harm is reasonable, you must decide if there is a reasonable relationship between the cost of repair and the harm caused by Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC.'S conduct.  You must consider the expense and time involved to restore the property to its original condition compared to the value of the property.

If you find that the cost of repairing the harm is not reasonable, then you may award any reduction in the property's value.

Source:  CACI 3903F

**(Defendants' Suggested Instruction)**

<u>Damage to Real Property (Economic Damage)</u>

To recover damages for harm to property, Plaintiffs must prove the reduction in the property's value or the reasonable cost of repairing the harm. If there is evidence of both, Plaintiffs are entitled to the lesser of the two amounts.

To determine the reduction in value, you must determine the fair market value of the property before the harm occurred and then subtract the fair market value of the property immediately after the harm occurred. The difference is the reduction of value.

<span style="color:red">"Fair market value" is the highest price for the property that a willing buyer would have paid to a willing seller, assuming:

1.      That there is no pressure on either one to buy or sell; and

2.      That the buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.</span>

To determine whether the cost of repairing the harm is reasonable, you must decide if there is a reasonable relationship between the cost of repair and the harm caused by Defendants' conduct. You must consider the expense and time involved to restore the property to its original condition compared to the value of the property.

If you find that the cost of repairing the harm is not reasonable, then you may award any reduction in the property's value.

Source: CACI 3903F.

Defendants' Statement: Plaintiff has removed the reduction of the fair market value of the instruction. Defendant will present evidence in trial from expert Randy Grundy that there is evidence of a reduction in value of Plaintiffs' Insured's property. Thus, the instruction regarding the reduction in value must be included pursuant to CACI 3903F.

Plaintiffs' Statement: Plaintiffs have removed the reduction of the fair market value within the instruction as it is not appropriate under California law for residential construction where the Plaintiffs' Insureds have a bona fide desire to repair or restore the property. In the Sources and Authority in CACI 3903F is the cite to *Orndorff v. Christiana Community Builders* (1990) 217 Cal.App 3d 683. The *Orndorff* court cites at 688-689 "Contrary to the defendants' argument, the "personal reason" exception does not require that the Orndorffs own a "unique"

home. Rather all that is required is some personal use by them and a bona fide desire to repair or restore. For instance in Heninger the court relied on the plaintiff's simple statement that "'I think the land is beautiful, the natural forest beautiful, and I would like to see it that way.'" (*Heninger*, supra, 101 Cal.App.3d at p. 866.) According to the commentators to the *Restatement*, "if a building such as a homestead is used for a purpose personal to the owner, the damages ordinarily include an amount for repairs, even though this might be greater than the entire value of the building. So, when a garden has been maintained in a city in connection with a dwelling house, the owner is entitled to recover the expense of putting the garden in its original condition even though the market value of the premises has not been decreased by the defendant's invasion." (*Rest.2d. Torts* § 929, com. b, p. 546, italics added.) There is no dispute the Orndorffs enjoy the home they have occupied for 11 years and intend to repair it. To obtain reasonable repair costs they were not required to make any further showing." Orndorff thus confirms that cost of repair is the proper measure of damages for real property for residential property.

Defendants' statement that their expert will present evidence in trial from expert Randy Grundy that there is evidence of a reduction in value of Plaintiffs' Insured's property. This is not accurate as he provided no such opinions in his report or during deposition. Defendants' expert witness had no opinion concerning the diminution in the property's fair market values, as measured immediately before and immediately after the damage, (See *Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App. 4th, 442, 450 [102 Cal.Rptr. 3d 32]), as Defendants' expert only attempted to apply depreciation to repair categories (not depreciation as a whole – and he had no opinion close to that cited in the instruction -- "Fair market value" is the highest price for t he property that a willing buyer would have paid to a willing seller, assuming: 1. That there is no

pressure on either one to buy or sell; and 2. That the buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.) Under *Orndorff*, Defendants' expert's undisclosed opinions relating to "fair market value" is not admissible because it is not relevant to any legal defense and additionally Defendants' expert provided no opinions on point with fair market value as defined in this instruction.

**COURT'S INSTRUCTION NUMBER \_\_\_\_**

Damages on Multiple Legal Theories

**(Plaintiffs' Suggested Instruction)**

Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY seek damages from Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. is liable to under the following legal theories:

1. Negligent manufacturing, distributing or selling:
2. Negligent failure to warn of risks;
3. Strict Products Liability – Design Defect – Consumer Expectation Test
4. Strict Products Liability – Design Defect – Risk Benefit Test
5. Strict Products Liability – Failure to Warn
6. Breach of the Implied Warranty of Merchantability
7. Breach of the Implied Warranty of Fitness for a Particular Purpose

The following damages are recoverable only once for any of the legal theories stated above for Plaintiff, STATE FARM GENERAL INSURANCE COMPANY:

1. Damages for insurance benefits paid to its Insureds to the Real Property located at 16851 Marina Bay Drive, Huntington Beach, California;

2. Damages to Personal Property lost from real property at 16851 Marina Bay Drive, Huntington Beach, California as a result of the fire incident;

3. Damages for Loss of Use – rental for living away from the property as a result of the incident and other damages lost.

The following additional damages are recoverable only once for any of the legal theories stated above for Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY:

1. Damages for insurance benefits paid to its Insureds for Personal Property lost for the two vehicles lost in the fire incident;

Source:  CACI 3934.

### (Defendants' Suggested Instruction)

Plaintiffs seek damages from Defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. is liable to under the following legal theories:

1. Negligence
2. Strict Products Liability
3. Breach of the Implied Warranty

The following damages are recoverable only once for any of the legal theories stated above for Plaintiff, STATE FARM GENERAL INSURANCE COMPANY:

1. Damages for insurance benefits paid to its Insureds to the Real Property located at 16851 Marina Bay Drive, Huntington Beach, California;

2. Damages to Personal Property lost from real property at 16851 Marina Bay Drive, Huntington Beach, California as a result of the fire incident;

3. Damages for Loss of Use – rental for living away from the property as a result of the incident and other damages lost.

Source: CACI 3934.

Defendants' statement: Plaintiffs are impermissibly listing as many legal theories as they can. There should be three legal theories: (1) Negligence, (2) Strict Products Liability, and (3) Breach of Implied Warranty. The jury gets instructed that they can prove each through a number of sub-theories. Lengthy, overly complex instructions can create confusion, leading to potential errors in the verdict. A streamlined instruction promotes fairness and accuracy.

Plaintiffs' statement: Plaintiffs are listing the legal theories sought in the pleadings and as defined and set forth in the various jury instructions for Negligence, Strict Products Liability and Breach of Implied Warranty. There are different sub-theories within each of the causes of action. There are specific jury instructions for each of the sub-theories and Plaintiffs are entitled to seek each of the theories as presented.

STF.1587/STF.1588/STF.1589

AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS

# COURT'S INSTRUCTION NUMBER ____

<u>Product is Not Defective Because an Accident Occurred</u>

A product need not be found defective simply because an accident has occurred.

<u>Authority</u>

*Henderson v. Harnischfeger Corp.* (1974) 12 Cal. 3d 663, 676.

<u>Defendants' statement</u>: This instruction should be included because it will assist in preventing the jury from drawing an improper inference of liability based solely on the fact that an accident took place.

<u>Plaintiffs' statement</u>: This is just some random statement in a case that is not specifically supportive to any particular affirmative defense alleged by Defendants in their Answer to the Complaint. There is no basis to assert that this statement will somehow assist the jury concerning liability or that a jury will draw improper inferences without this instruction. It is superfluous and could mislead the jury.

# COURT'S INSTRUCTION NUMBER ____

<u>Manufacturer – Not Required to Prove Its Product Did Not Cause Injury</u>

A manufacturer is not required to prove that its product did not cause injury to plaintiff.

<u>Authority</u>

*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal. 4th 953, 968-69;

*Endicott v. Nissan Motor Corp.* (1977) 73 Cal. App. 3d 917, 928.

<u>Defendants' Statement</u>: As stated in the cited authority, the burden is on plaintiffs to prove that the product was defective and caused the injury, not the manufacturer to disprove it. Without this instruction, the jury may mistakenly believe the defendant must prove a negative which would improperly shift the burden and create an unfair advantage to the plaintiffs.

<u>Plaintiffs' statement</u>:  This is just another random statement in a case that is not specifically supportive to any particular affirmative defense alleged by Defendants in their Answer to the Complaint.  There is no basis to assert that this statement will somehow assist the jury concerning liability or that a jury will draw improper inferences without this instruction.  It is superfluous and could mislead the jury. Additionally, there are instructions that do shift the burden to the Defendants in certain circumstances and this is inconsistent with those CACI instructions.  (See CACI 1204).

# COURT'S INSTRUCTION NUMBER ____

<u>Manufacturer's Duty</u>

<span style="color:red">The duty to act reasonably, or to manufacture a product that is not in a defective condition or unreasonably dangerous to the user, does not necessarily require the safest design possible, or a design that is incapable of causing injury.</span>

<u>Authority</u>

*Daly v. General Motors Corp.* (1978) 20 Cal. 3d 725, 733

*Henderson v. Harnischfeger Corp.* (1974) 12 Cal. 3d 663, 676

*Cavers v. Cushman Motor Sales, Inc.* (1979) 95 Cal. App. 3d 338, 343

*Balido v. Improved Machinery, Inc.* (1972) 29 Cal. App. 3d 633, 640

*Buccery v. General Motors Corp.* (1976) 60 Cal. App. 3d 533, 544-46

<u>Defendants' statement</u>: The law requires manufacturers to produce reasonably safe products, but it does not mandate that they create products incapable of causing any harm under all circumstances. Without this instruction, the jury might incorrectly assume that a manufacturer is liable simply because a safer design could be imagined, regardless of whether the actual design is reasonably safe.

<u>Plaintiffs' statement</u>:  This is another random statement that is taken out of context and requires extensive additional information.  Again, this is quoted language is not specifically supportive to any particular affirmative defense alleged by Defendants in their Answer to the Complaint.  There is no basis to assert that this statement will somehow assist the jury concerning liability or defective design.  There are already form jury instructions on design defect that are included in the set of jury instructions.  Jurors could seriously draw improper inferences by providing this incomplete and confusion proposed instruction.  It is superfluous and could mislead the jury.

# COURT'S INSTRUCTION NUMBER \_\_\_\_

<u>Implied Warranty of Fitness for a Particular Purpose - Essential Factual Elements</u>

**(Plaintiff's Suggested Instruction)**

Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY claims that it was harmed by the product that it bought from Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. because the product was not suitable for Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's intended purpose. To establish this claim, Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY must prove all of the following:

1. That Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY bought the product from Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC.

2. That, at the time of purchase, Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. knew or had reason to know that Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY intended to use the product for a particular purpose;

3. That, at the time of purchase, Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC. knew or had reason to know that Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY was relying on its skill and judgment to select or furnish a

product that was suitable for the particular purpose;

4. That Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY justifiably relied on Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and HOME DEPOT U.S.A., INC.'s skill and judgment;

5. That the product was not suitable for the particular purpose;

6. That Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY was harmed; and

7. That the failure of the product to be suitable was a substantial factor in causing Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's harm.

Source: CACI No. 1232

Defendants' statement: There is no evidence to support this instruction.

| | | |
|---|---|---|
| 1 | Dated: January 11, 2025 | Respectfully, |
| 2 | | WATKINS & LETOFSKY, LLP |
| 3 | | |
| 4 | | _/s/ Brian S. Letofsky_ |
| | | BRIAN S. LETOFSKY, ESQ. |
| 5 | | Attorney for Plaintiffs, STATE |
| 6 | | FARM GENERAL INSURANCE |
| | | COMPANY and STATE FARM |
| 7 | | MUTUAL AUTOMOBILE |
| 8 | | INSURANCE COMPANY |

Dated: January 11, 2025        Respectfully,

　　　　　　　　　　　　　　　RILEY SAFER HOLMES & CANCILA LLP

　　　　　　　　　　　　　　　　_/s/ Jeffrey R. Williams_
　　　　　　　　　　　　　　　JEFFREY R. WILLIAMS, ESQ.
　　　　　　　　　　　　　　　DAVID W. KEMPEN
　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　TECHTRONIC INDUSTRIES
　　　　　　　　　　　　　　　NORTH AMERICA, INC. and
　　　　　　　　　　　　　　　HOME DEPOT U.S.A., INC.

**STF.1587/STF.1588/STF.1589**
AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS